UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EYEWONDER, INC.,                              :
                                              :
                        Plaintiff,            :      Index No. 08 CV 3579 (GBD)
                                              :
            v.                                :
                                              :
JOHN ABRAHAM,                                 :
                                              :
                        Defendant.            :
                                              :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
APPLICATION FOR A PRELIMINARY INJUNCTION**


Joel L. Finger
Eric Witkin
**LITTLER MENDELSON, P.C.**
900 Third Avenue, 20th Floor
New York, NY 10022-4834
(212) 497-8485
**ATTORNEYS FOR DEFENDANT**

## TABLE OF CONTENTS

                                                                                                    Page

TABLE OF AUTHORITIES ........................................................................................ ii

FACTS ......................................................................................................................... 3

ARGUMENT ............................................................................................................... 3

POINT I    PLAINTIFF HAS NOT MET ITS SUBSTANTIAL BURDEN TO
           SUPPORT THE GRANTING OF A PRELIMINARY
           INJUNCTION. ...................................................................................... 3

           A.    Plaintiff Has Not Demonstrated Irreparable Harm. ....................... 4

           B.    Plaintiff Has Not Shown a Likelihood of Success on the
                 Merits. ........................................................................................ 9

                 1.    Plaintiff Has Not Alleged that Defendant
                       Solicited Its Employees. ................................................ 9

                 2.    California Law Applies to this Dispute. ........................ 10

                 3.    California Strongly Disfavors Covenants
                       Restricting Competition. ................................................ 12

                 4.    Plaintiff Has Not Met Its Burden under New
                       York Law. ....................................................................... 16

           C.    The Balance of the Hardships Does Not Tip in Plaintiff's
                 Favor. ......................................................................................... 19

CONCLUSION ........................................................................................................... 20

i

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Bank Itec N.V. v. J. Henry Schroder Bank & Trust Co.*, 612 F. Supp. 134
(S.D.N.Y. 1985) ..................................................................................................10

*Bayer Corp. v. Roche Molecular System, Inc.*, 72 F. Supp. 2d 1111 (N.D. Cal.
1999) ...............................................................................................................15, 16

*Caribbean Wholesales & Svc. Corp. v. U.S. JVC Corp.*, 1996 WL. 140251
(S.D.N.Y. 1996) .............................................................................................10, 11

*Citibank, N.A. v. Citytrust*, 756 F.2d 273 (2d Cir. 1985) ........................................4

*Consol. Brands Inc. v. Mondi*, 638 F.Supp. 152, 158 (E.D.N.Y. 1986) *(internal
quotation marks and citations omitted)* ............................................................19

*Ecolab, Inc. v. K.P. Laundry Machinery, Inc.*, 656 F. Supp. 894 (S.D.N.Y. 1987) ........7, 8

*Estee Lauder Cos., Inc. v. Batra*, 430 F. Supp. 2d 158 (S.D.N.Y. 2006) .........................12

*Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112 (2d Cir. 2005) ..........................................3

*Geritrex Corp. v. Dermarite Industrial, LLC*, 910 F. Supp. 955 (S.D.N.Y. 1996) .............6

*Hartford Fire Insurance Co. v. Orient Overseas Containers Lines (UK), Ltd.*, 230
F.3d 549 (2d Cir. 2000) ......................................................................................10

*International Dairy Foods Association v. Amestoy*, 92 F.3d 67 (2d Cir. 1996) .................4

*International Minerals & Resources, S.A. v. Pappas*, 96 F.3d 586 (2d Cir.1996) ............10

*Ivy Maritime Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547 (E.D.N.Y. 1995).....................16

*Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) .............................................4

*Klaxon Co. v. Stentor Electric Manufacturing, Co., Inc.*, 313 U.S. 487, 61 S. Ct.
1020, 85 L. Ed. 1477 (1941) .............................................................................10

ii

*Local 1814, International Longshoremen's Association, AFL-CIO v. N.Y. Shipping Association, Inc.*, 965 F.2d 1224 (2d Cir. 1992)............3

*Lucente v. IBM Corp.*, 310 F.3d 243 (2d Cir. 2002).........................16

*Moore v. Consolidated Edison Co. of N.Y., Inc.*, 409 F.3d 506 (2d Cir. 2005)...............3, 4

*No. Atlantic Instrs., Inc. v. Haber*, 188 F.3d 38 (2d Cir. 1999).........................8

*Prod. Resource Group v. Oberman*, 2003 WL. 22350939 (S.D.N.Y. 2003)........5, 6, 9, 10, 11, 12,17, 18, 19

*Rodriguez v. DeBuono*, 175 F.3d 227 (2d Cir. 1999).........................3

*SG Cowen Securities Corp. v. Messih*, 2000 WL. 633434 (S.D.N.Y. 2000), aff'd, 224 F.3d 79 (2d Cir. 2000).........................10, 12

*Silipos, Inc. v. Bickel*, 2006 WL. 2265055 (S.D.N.Y. 2006).........................18

*Softel, Inc. v. Dragon Medical & Scientific Communic'ns, Inc.*, 118 F.3d 955 (2d Cir. 1997).........................17

*Ticor Title Insurance Co. v. Cohen*, 173 F.3d 63 (2d Cir. 1999).........................9, 17

*Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969 (2d Cir. 1989).........................4

*Webcraft Technologies, Inc. v. McCaw*, 674 F. Supp. 1039 (S.D.N.Y. 1987).........................8

### STATE CASES

*ABC, Inc. v. Wolf*, 52 N.Y.2d 394, 438 N.Y.S.2d 482 (1981).........................16

*Amer. Paper & Pkg. Products, Inc. v. Kirgan*, 183 Cal. App. 3d 1318, 228 Cal. Rptr. 713 (1986).........................15

*Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 72 Cal. Rptr. 2d 73 (1998).........................12, 13

*Kahan Corbin, Schupak & Aronow, Inc. v. FD Int'l, Ltd.*, 8 Misc.3d 412, 797 N.Y.S.2d 883 (Sup. Ct., N.Y. Cty. 2005).........................18

*Metropolitan Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal. App. 4th 853, 27 Cal. Rptr. 2d 573 (1994).........................13

*Pella Windows & Doors v. Buscarnera*, 2007 WL. 2089298 (E.D.N.Y. 2007)..................6

*Reed, Roberts Associates, Inc.*, 40 N.Y.2d 303, 386 N.Y.S.2d 677 (1976).......5, 16, 17, 18

*Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 125 Cal. Rptr. 2d 277 (Ct. App. 2002) ...................................................................................................................15

## STATE STATUTES

Cal. Civ. Code § 3426.1(d) ................................................................................................14

## MISCELLANEOUS

Restatement of Torts § 757 ................................................................................................17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EYEWONDER, INC.,

                 Plaintiff,

          v.

JOHN ABRAHAM,

               Defendant.

                                  Index No. 08 CV 3579 (GBD)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION

This memorandum of law is respectfully submitted by defendant John Abraham ("defendant" or "Abraham") in opposition to plaintiff EyeWonder, Inc.'s ("plaintiff" or "EWI") application for a preliminary injunction to restrict defendant's future employment and competitive activities with EWI in the State of California.[1]  The application should be denied.

## PRELIMINARY STATEMENT

This is an action by EWI against its former employee Abraham, a longtime Internet industry veteran who worked as a regional, West Coast sales director for plaintiff for just nine (9) months.  Abraham was required as a condition of employment to sign plaintiff's standard form contract containing broad, post-employment restrictive covenants that are unenforceable under California law, which applies in this case, as well as under New York law.  By its

---

[1] The Court did not grant plaintiff's application for a temporary restraining order.

1

application, EWI seeks vague and punitive preliminary relief against Abraham, notwithstanding the absence of any allegations of bad acts by him. Thus, plaintiff has not alleged or demonstrated that Abraham has disclosed, threatened to disclose, or will imminently disclose any of its confidential information, that Abraham has solicited, threatened to solicit or will imminently solicit its customers, or that Abraham is in possession of or misappropriated any of its property or confidential information or committed any unlawful act.

Plaintiff nevertheless seeks an injunction preventing Abraham from soliciting fifty-two (52) alleged customers of EWI, which were allegedly on a list prepared by plaintiff's counsel (the "Bogan list"). Plaintiff tries to manufacture a showing of imminent breach of contract by citing settlement discussions between plaintiff's counsel and Abraham's prior counsel -- discussions which, even if they were admissible, do not in any way demonstrate any imminent or actual injury to EWI.

Plaintiff also seeks to enjoin defendant from using or disclosing plaintiff's "confidential information," but plaintiff has not shown that Abraham is in possession of any confidential information or protectable trade secret, and Abraham denies that he has such information. Abraham Decl., ¶ 28. Plaintiff also seeks to enjoin Abraham from soliciting its employees, but plaintiff has not alleged such in the underlying complaint and, in any event, Abraham represents that he will not solicit EWI's employees. Abraham Decl., ¶ 30.

Therefore, EWI's application for a preliminary injunction should be denied because it has not and cannot establish any of the elements to support the issuance of an injunction.

**FACTS**

The relevant facts are set forth in the Declaration of John Abraham dated May 13, 2008

in opposition to the motion for a preliminary injunction ("Abraham Decl.").

**ARGUMENT**

**POINT I**

**PLAINTIFF HAS NOT MET ITS SUBSTANTIAL BURDEN TO
SUPPORT THE GRANTING OF A PRELIMINARY INJUNCTION.**

The Second Circuit has articulated the familiar standard applicable to motions for

preliminary injunctions:

> [T]he party seeking the injunction [must] demonstrate[] (1) that he
> or she will suffer irreparable harm absent injunctive relief, and (2)
> either (a) that he or she is likely to succeed on the merits, or (b)
> that there are sufficiently serious questions going to the merits to
> make them a fair ground for litigation, and that the balance of
> hardships tips decidedly in favor of the moving party.

Moore v. Consolidated Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (internal

quotation marks and citations omitted); Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v.

N.Y. Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992). To find irreparable harm,

plaintiff must show that, without the preliminary injunction, they will "suffer 'an injury that is

neither remote nor speculative' and one that cannot be remedied 'if a court waits until the end of

trial to resolve the harm.'" Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005)

(quoting Rodriguez v. DeBuono, 175 F.3d 227, 234-35 (2d Cir. 1999)). Relief of this nature "is

an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion." Moore, 409 F.3d at 510 (internal quotation marks

and citations omitted). Plaintiff has offered only speculation in support of its application for preliminary relief and, therefore, has not met its substantial burden.

## A.    Plaintiff Has Not Demonstrated Irreparable Harm.

"[T]he single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). "Irreparable harm is injury for which a monetary award cannot be adequate compensation." Int'l Dairy Foods Ass'n v. Amestoy, 92 F.3d 67, 71 (2d Cir. 1996) (citations and internal quotation marks omitted). Plaintiff must establish "an injury that is neither remote nor speculative, but actual and imminent." Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989) (citations omitted). Injunctive relief is not proper if it is founded on "remote or speculative harms." Moore, 409 F.3d at 511 (quoting Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002)).

Plaintiff has not alleged that Abraham has breached his post-employment restrictive covenants not to solicit customers or use or disclose confidential information. Instead, plaintiff alleges that Abraham has knowledge of "sensitive information," such as pricing, marketing plans, the names of members of EWI's sales staff, compensation plans for EWI employees, service protocols, management processes, and similar generalized information about EWI's business. Rosner Decl., ¶7.[2] However, "an employee's knowledge of the intricacies of a former employer's business operation is not a protectable interest sufficient to justify enjoining the

---

[2] Abraham denies that he possesses any of EWI's confidential information. Abraham Decl., ¶28.

employee from utilizing his knowledge and talents in this area." <u>Production Resource Group, LLC v. Oberman</u>, 2003 WL 22350939, *7 (S.D.N.Y. Aug. 27, 2003) (quoting <u>Reed, Roberts Assocs., Inc. v. Strauman</u>, 40 N.Y.2d 303, 386 N.Y.S.2d 677 (1976) (internal quotation marks omitted)). The New York Court of Appeals has affirmed that "[w]here the [employee's] knowledge does not qualify for protection as a trade secret and there has been no conspiracy or breach of trust resulting in commercial piracy[,] we see no reason to inhibit the employee's ability to realize his potential both professionally and financially by availing himself of opportunity." <u>Reed, Roberts Assocs., Inc.</u>, 40 N.Y.2d 303, 386 N.Y.S.2d 677.

EWI has failed to allege, much less show, that Abraham has solicited or threatened to solicit any of its customers or that he used or disclosed, any of EWI's confidential information or trade secrets or engaged in any "commercial piracy." Plaintiff also has failed to show that Abraham will imminently solicit customers or use or disclose any confidential information. Plaintiff has not alleged any actual and imminent injury; it has offered only the most remote and speculative theories of harm. Thus, for example, in place of any admissible evidence of actual or imminent injury, plaintiff suggests -- in an attorney's affirmation -- that it "fears" that Abraham has solicited its customers. Declaration of James F. Bogan III, ¶13. In support of plaintiff's alleged "fears," plaintiff's counsel offers only conjecture. <u>See id.</u> (surmising that "Abraham will have every incentive to procure additional business for Eyeblaster[,]" and that "it would be unrealistic to assume that he would not... .") Plaintiff's counsel concludes with a prediction of entirely remote harm: "*It is quite possible* that at least some of [EyeWonder's] customers would follow [Abraham], leaving EyeWonder with no adequate monetary remedy." <u>Id.</u> (emphasis

-5-

added).  Such bare speculations are clearly insufficient to sustain a showing of irreparable injury

under applicable precedent.[3]

> [A]ny losses incurred by [plaintiff] as a result of [defendant's]
> alleged breach of the Agreement are therefore compensable by
> money damages. To the extent that [plaintiff] were correct that
> [defendant] was not legally permitted to compete against it or
> solicit its customers, [defendant]'s damages are ascertainable and
> compensable with money damages. The damages could be
> calculated, for example, by the amount of business that [plaintiff]
> allegedly lost to [defendant] during the period it contends
> [defendant] was not entitled to obtain that business. These losses
> do not constitute irreparable injury.

Production Resource Group, LLC v. Oberman, 2003 WL 22350939, at *7 (S.D.N.Y. 2003)

(citing Geritrex Corp. v. Dermarite Indus., LLC, 910 F.Supp. 955, 966 (S.D.N.Y. 1996)). See

also Pella Windows & Doors v. Buscarnera, 2007 WL 2089298, at *3 (E.D.N.Y. 2007) (denying

motion for preliminary injunction and stating, "[t]his Court is not persuaded by [plaintiff's]

speculative arguments about how business really works.  There is simply no evidence in the

record to support [plaintiff's] contention that [defendant] will be using or revealing Plaintiff's

prices in his [new] employment...").

---

[3] Plaintiff offers the inadmissible testimony of its own counsel regarding a list of 52 alleged customers, the Bogan list, which plaintiff compiled.  Plaintiff's counsel avers that he conveyed the Bogan list only after obtaining prior counsel's "express understanding" that the list was solely "for purpose of evaluating a resolution of a motion for emergency equitable relief... ." Bogan Decl. at ¶14. After allegedly reviewing the Bogan list, defendant's prior counsel allegedly stated that defendant would not agree that he could not solicit all the companies on the list. Id. at ¶15. From this statement, plaintiff's counsel leaps to the conclusion that defendant "has already solicited those 52 companies..., or intends to solicit those companies... in the near future." Id.  Plaintiff's counsel's conclusion is patently speculative and conjectural and thus cannot provide any basis for a showing of irreparable harm. Moreover, as plaintiff has failed to submit a copy of the Bogan list to this Court, it is impossible for the Court to know or assess its contents.  In addition, discussions between plaintiff's and defendant's prior counsel "for purpose of evaluating a resolution" of the instant motion are clearly inadmissible under FRE 408.  Therefore, the Court should disregard plaintiff's wholly speculative and inadmissible evidence regarding the Bogan list.

In support of its irreparable harm argument, plaintiff relies heavily on this Court's decision in Ecolab, Inc. v. K.P. Laundry Machinery, Inc., 656 F.Supp. 894 (S.D.N.Y. 1987), but the facts of that case are manifestly inapposite to this case. In Ecolab, plaintiff Ecolab and defendant K.P. Laundry Machinery had worked in a cooperative arrangement under which Ecolab sold a variety of institutional cleaning supplies, while defendant distributed industrial laundry equipment. 656 F.Supp. at 895. Defendant eventually began a concerted effort to "hire away a large number of Ecolab employees and go into direct competition with Ecolab." Id. at 896. Ecolab brought suit and sought a preliminary injunction to stop defendant's raid on its employees. The court granted the relief because the former Ecolab employees whom defendant had hired had sent solicitation letters to clients of Ecolab, in breach of their non-solicitation agreements, in furtherance of what the court found to be "a planned pattern for misappropriating Ecolab trade secrets." Id. In addition, the court credited the sworn testimony of an Ecolab employee who had been solicited by the corporate defendant that a senior officer of the defendant had told him that, notwithstanding his contractual commitment to Ecolab, the employee "could pass the information concerning his Ecolab accounts to another employee of K.P., who in turn could solicit the accounts." Id. at 897.

In this case, however, there is no evidence or allegation of any scheme or conspiracy to misappropriate trade secrets. There is no evidence or allegation that defendant has solicited a single customer of EWI. There is no evidence of any raid on plaintiff's employees by a formerly cooperative ally, now fierce corporate rival, as in Ecolab. Indeed, here, there is not even a corporate defendant against whom relief is sought; rather, EWI has chosen to sue a single

individual former employee.  Thus, the allegations of irreparable harm found persuasive by the court in Ecolab are completely inapt to plaintiff's allegations in this case.

Similarly misplaced is plaintiff's reliance on No. Atlantic Instrs., Inc. v. Haber, 188 F.3d 38 (2d Cir. 1999).  In that case, defendant had been President and 1/3-owner of plaintiff North Atlantic's predecessor, TMI.  188 F.3d. at 40.  TMI "designed, manufactured, and sold customized electronic devised to a limited number of engineers . . . in the aerospace and high tech industries."  Id.  TMI's technology was so specialized that "the identity of relatively small numbers of engineers who required its products [was] especially crucial to its business success." Id.  The Second Circuit held that the District Court "did not clearly err" in concluding that the identities of customers with whom the former President had worked, and whom he acknowledged soliciting, constituted protectable trade secrets due to the highly specialized products offered by TMI and the resultant difficulty in identifying customers for its products, much less keeping them.  Under those circumstances, and in light of evidence that defendant had misappropriated plaintiff's records, the court deemed it appropriate to treat TMI's customer list as a "trade secret."  Accord Webcraft Technologies, Inc. v. McCaw, 674 F. Supp. 1039, 1046 (S.D.N.Y. 1987) (noting that the identity of client contacts is generally not considered a trade secret).

In contrast, there is no allegation and no evidence in this case that plaintiff's products are so highly specialized and its pool of potential customers so limited that its customer list is of extraordinary exceptional value, as was shown in No. Atlantic Instrs., Inc. v. Haber.  Moreover, far from being EWI's former President and principal owner, defendant Abraham was a short-

-8-

term, middle-management employee with limited regional duties in one of EWI's numerous regional sales offices. Abraham Decl. ¶¶18-21. Finally, EWI has not alleged or demonstrated that Abraham has misappropriated any documents or information belonging to it.

Unlike the defendant in <u>Ticor Title Ins. Co. v. Cohen</u>, 173 F.3d 63 (2d Cir. 1999), Abraham did not provide any "special services" to EWI based upon 17-year-long, exclusive relationships with key clients, <u>id.</u> at 67, he did not develop all his client relationships during his employment with plaintiff and at plaintiff's expense, <u>id.</u>, and he did not solicit plaintiff's customers and use plaintiff's customer lists. <u>Id.</u> at 70. To the contrary, EWI initially sought out and hired Abraham specifically because of his reputation, experience and expertise, including his relationships with studios and advertising agencies. Abraham Decl. at ¶ 5. <u>See also</u> <u>Production Resource Group, LLC</u>, 2003 WL 22350939 at *9 (ruling defendant not "unique" and not at risk of disclosing of trade secrets where his client relationships were "developed substantially over the years before he was ever employed" by plaintiff).

**B.    <u>Plaintiff Has Not Shown a Likelihood of Success on the Merits.</u>**

EWI has also failed to show that there is a likelihood of success on the merits on any of its claims that Abraham breached the employment agreement.

*1.    Plaintiff Has Not Alleged that*
*<u>Defendant Solicited Its Employees.</u>*

It is axiomatic that plaintiff can have no likelihood of success on the merits of a claim that it has not asserted in this action. Plaintiff by this motion seeks to enjoin defendant from soliciting its employees. However, plaintiff has made no claim in the underlying Verified

-9-

Complaint that defendant breached the provision of his agreement governing non-solicitation of employees. See Complaint. For that reason alone, to the extent plaintiff's motion seeks an injunction prohibiting the solicitation of employees, it should be denied.

2.    *California Law Applies to this Dispute.*

The Court must resolve whether to apply New York or California law to this analysis. To resolve a conflict-of-laws issue in a diversity action, the Court must apply the choice-of-law principles of the forum state, New York. Klaxon Co. v. Stentor Elec. Mfg., Co., Inc., 313 U.S. 487, 496-97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK), Ltd., 230 F.3d 549, 556 (2d Cir. 2000). Where a contract expressly provides that the laws of a particular state will govern, New York courts are not bound by the parties' choice but generally will honor it so long as the selected jurisdiction has sufficient contacts to the transaction. See, e.g., Int'l Minerals & Res., S.A. v. Pappas, 96 F.3d 586, 592 (2d Cir.1996); Bank Itec N.V. v. J. Henry Schroder Bank & Trust Co., 612 F.Supp. 134, 140-41 (S.D.N.Y. 1985). The parties' choice of law will not be honored, however, "if application of the chosen state's law would be 'contrary to any fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue at bar, and which would be the state of the applicable law in the absence of an effective choice of law by the parties.'" Production Resource Group, LLC, 2003 WL 22350939 at *8 (quoting Bus. Incentives Co. v. Sony Corp. of Amer., 397 F.Supp. 63, 67 (S.D.N.Y. 1975)) (applying California law despite parties' choice of New York law). See also SG Cowen Secs. Corp. v. Messih, 2000 WL 633434 (S.D.N.Y. 2000), aff'd, 224 F.3d 79 (2d Cir. 2000) (applying California law despite parties' agreement to New York law); Caribbean Wholesales & Svc. Corp. v. U.S. JVC Corp.,

-10-

1996 WL 140251, at *2-3 (S.D.N.Y. 1996) (applying Puerto Rico law despite parties' agreement to New York).

In this case, California has a materially greater interest than New York in resolving the parties' dispute regarding the non-solicitation provisions of the Agreement., given the following facts:

- Abraham is a lifelong California resident. Abraham Decl. at ¶7.

- Before, during and since his employment with EWI, Abraham has continued to live and work in California. Id. at¶¶3, 21, 27.

- The terms of Abraham's employment with EWI were negotiated by telephone and in person in California. Id. at ¶8.

- During his 9-month tenure with EWI, Abraham was based in California, and he spent no time in New York, save for a single visit at the outset of his employment in June 2007. Id. at ¶21.

- Abraham worked almost exclusively in California, dealing with EWI's business in its West Region, including California. Id.

- Abraham only supervised employees in California. Id. at ¶18.

- The non-solicitation provision at issue was drafted by EWI to focus solely on the Internet advertising economy in and around Los Angeles and San Diego. Id. at ¶15; Complaint, Ex. B.

- Abraham's work for his new employer is also based in California. Abraham Decl. at ¶27.

Given the overwhelming California contacts and absence of any meaningful New York contacts, California undoubtedly has a materially greater interest than New York in resolving the issue of the validity of the non-solicitation agreement. See Production Resource Group, LLC v. Oberman, 2003 WL 22350939 at *10 (ruling that California has a greater material interest in validity of non-compete agreement because employee was a California resident, working in

-11-

California before and after leaving the employer's employ and spent far more time in California during his employment, despite fact that plaintiff's principal place of business was New York, that employee took a "few trips" to New York to discuss the terms of his employment with plaintiff, and that employment contract called for New York law to apply); SG Cowen Securities Corp. v. Messih, 2000 WL 633434, *4 (S.D.N.Y. May 17, 2000) (applying California law to non-compete dispute where employee lived in California, was hired by employer to work in its San Francisco office, had previously worked for another California bank, and had executed the agreement at issue in California, notwithstanding fact that the contract was negotiated in both California and New York and employer's headquarters were in New York).[4]

3.    *California Strongly Disfavors
       Covenants Restricting Competition.*

"California also has a strong interest in enforcing its fundamental public policy regulating employers' attempts to limit the ability of California employees to change employment without restriction." Production Resource Group, LLC, 2003 WL 22350939, at *10.  Section 16600 of the California Business and Professions Code provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void[,]" and reflects a "strong public policy" of California. Application Group, Inc. v. Hunter

---

[4] Plaintiff cites to just one case in support of its contention that New York law should apply, Estee Lauder Cos., Inc. v. Batra, 430 F. Supp. 2d 158 (S.D.N.Y. 2006), in which this Court rejected defendant Batra's contention that California law should be apply. However, there were significant New York contacts present in Estee Lauder that are not present in this case, including the fact that Batra's responsibilities were not exclusively based in California but were worldwide, including all of North America. Id. at 171. Also, unlike this case, Batra was responsible for major business functions in New York and supervised many employees based in New York. Id. Finally, plaintiff Estee Lauder's principal place of business was in New York, while plaintiff EWI is based in Georgia. Therefore, Estee Lauder does not provide an useful guide in this case for the Court's choice-of-law analysis.

Group, Inc., 61 Cal. App. 4th 881, 900, 72 Cal. Rptr. 2d 73 (1998). Section 16600 invalidates "employment contracts which prohibit an employee from working for a competitor when the employment has terminated, unless necessary to protect the employer's trade secrets." Metro Traffic Control, Inc. v. Shadow Traffic Network, 22 Cal. App. 4th 853, 859, 27 Cal. Rptr. 2d 573 (1994). "[T]he interests of the employee in his own mobility and betterment are deemed paramount to the competitive business interests of the employers, where neither the employee nor his new employer has committed any illegal act accompanying the employment change." Metro Traffic Control, Inc., 22 Cal. App. 4th at 860 (citations and quotation marks omitted).

Here, plaintiff has not alleged that Abraham misappropriated its property or committed any illegal act. Indeed, plaintiff has not even alleged that Abraham has breached the provisions of his Agreement governing non-solicitation of customers or non-disclosure of confidential information. Plaintiff has also not offered any admissible evidence that would indicate that Abraham has breached or will imminently breach those provisions. Instead, plaintiff merely expresses "fears" that Abraham may breach and offers wholly conclusory and baseless assertions by way of an attorney's affirmation. See Sec. A, *supra*.

Moreover, plaintiff has failed to demonstrate that Abraham's knowledge of its customers or routine sales-related projections and information are protectable "trade secrets." California has adopted the Uniform Trade Secrets Act, which defines a trade secret as:

> [I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process, that:

-13-

      (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

      (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d). The only admissible evidence offered by plaintiff in support of its conclusory assertions that Abraham may disclose trade secrets is in the Declaration of Michael Rosner, defendant's former supervisor. Notably, however, <u>Rosner does not allege that Abraham possesses any confidential or proprietary information or any trade secrets</u>. Instead, Rosner simply alleges that Abraham was privy to various "sensitive information" relating to EyeWonder and its customers. See Rosner Decl., ¶7. But the mere fact that information may be "sensitive" in plaintiff's view does not satisfy California's strict requirement that it also "derive independent economic value ... from not being generally known to the public" and "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d).

      Moreover, plaintiff's conduct with respect to its asserted confidential information proves that it is not truly confidential, has not been maintained as a secret and, therefore, is not legally protectable. Plaintiff through its counsel asserts that it provided as list of 52 alleged customers to Abraham's prior counsel and informed her that the list is "confidential." Bogan Decl., ¶14. Plaintiff contends that its customer list constitutes a trade secret because it is not "readily ascertainable" from sources outside of EyeWonder. <u>Id.</u> ¶16. In fact, however, the identities of many of plaintiff's customers are readily ascertainable by accessing plaintiff's website (*www.eyewonder.com*), where anyone who may be curious or interested can review numerous press releases, interviews with EWI officers, trade publication articles, and client testimonials

that provide details – often including client names, contacts and project descriptions – of many of plaintiff's customers. Obviously, plaintiff cannot publicize the identities of its customers on its own website, yet contend that such information is confidential and deserving of protection by this Court. See Amer. Paper & Pkg. Products, Inc. v. Kirgan, 183 Cal. App. 3d 1318, 228 Cal. Rptr. 713 (1986) (holding that customer lists not a "trade secret" where information is readily ascertainable by others in the industry, compilation process is "neither sophisticated nor difficult nor particularly time-consuming[,]" and industry is "very competitive" and customers "will often deal with more than one company at a time.")

Further, Abraham was already acquainted with many of plaintiff's customers before his 9-month tenure as an employee of plaintiff. At the time of his hiring by EWI in June 2007, Abraham had over ten (10) years' experience in Internet advertising and sales, having worked for a number of different companies in the Internet advertising industry in California. Abraham Decl., ¶3. Over the course of his career, Abraham had worked with, nurtured and maintained relationships with many Internet advertising agencies, major studios (such as Sony and Universal) and Internet publishers. Id. Those relationships were the very reason EWI sought to hire Abraham for its sales team. Abraham Decl., ¶5. As such, they can hardly be said to constitute confidential information or protectable trade secrets of EWI.

To the extent plaintiff seeks to buttress its claims upon a theory of "inevitable disclosure," it fares no better under California law. California courts have rejected the "inevitable disclosure" doctrine as "contrary to California law and policy because it creates an after-the-fact covenant not to compete restricting employee mobility." Whyte v. Schlage Lock

-15-

Co., 101 Cal. App. 4th 1443, 1447, 125 Cal. Rptr. 2d 277, 287 (Ct. App. 2002); see also Bayer

Corp. v. Roche Molecular Sys., Inc., 72 F. Supp. 2d 1111, 1112 (N.D. Cal. 1999) (holding that

"[t]he theory of 'inevitable disclosure' is not the law in California and, at trial, plaintiff will have

to demonstrate actual use or disclosure, or actual threat thereof.")  Plaintiff has made no showing

of actual use or disclosure of its trade secrets by defendant or actual threat thereof, and as a

consequence, the motion for preliminary relief must be denied.

    *4.    Plaintiff Has Not Met Its*
            *Burden under New York Law.*

       Even if New York law were to apply to plaintiff's claims, plaintiff has not met its burden

to show a likelihood of success on the merits. "New York courts disfavor restrictive covenants in

the employment context and will generally enforce them only to the extent they are reasonable

and necessary to protect valid business interests." Lucente v. IBM Corp., 310 F.3d 243, 254 (2d

Cir.2002) (citations omitted).

> Undoubtedly judicial disfavor of these covenants is provoked by
> powerful considerations of public policy which militate against
> sanctioning the loss of a man's livelihood.  Indeed, our economy is
> premised on the competition engendered by the uninhibited flow of
> services, talent and ideas.  Therefore, no restrictions should fetter
> an employee's right to apply to his own best advantage the skills
> and knowledge acquired by the overall experience of his previous
> employment.

Reed, Roberts Assocs. v. Strauman, 40 N.Y.2d 303, 307, 386 N.Y.S.2d 677, 679-80 (1976)

(internal quotations and citations omitted). "New York courts are loathe to enforce restrictive

covenants absent a showing of misappropriation of confidential information of trade secret

status." Ivy Mar Co. v. C.R. Seasons Ltd., 907 F. Supp. 547, 554 (E.D.N.Y. 1995) (citing ABC,

Inc. v. Wolf, 52 N.Y.2d 394, 403-04, 438 N.Y.S.2d 482, 486-87 (1981)). Restrictive covenants

that are reasonable in scope and duration may be enforceable only

> to the extent necessary (1) to prevent an employee's solicitation or
> disclosure of trade secrets, (2) to prevent an employee's release of
> confidential information regarding the employer's customers, or (3)
> in those cases where the employee's services to the employer are
> deemed special or unique.

Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 70 (2d Cir. 1999).  Thus, in order to safeguard any

legitimate interest of the former employer to protect itself against deliberate surreptitious

commercial piracy, "restrictive covenants will be enforceable to the extent necessary to prevent

the disclosure or use of trade secrets or confidential customer information."  Reed, Roberts

Assocs., Inc., 40 N.Y.2d at 308, 386 N.Y.S.2d at 680; Production Resource Group, 2003 WL

22350939 at *12.

    In determining whether information constitutes a "trade secret," New York courts

consider the following factors: "(1) the extent to which the information is known outside of the

business; (2) the extent to which it is known by employees and others involved in the business;

(3) the extent of measures taken by the business and its competitors; (5) the amount of effort or

money expended by the business in developing information; (6) the ease or difficulty with which

the information could be properly acquired or duplicated by others." Production Resource Group

v. Oberman, 2003 WL 22350939, at *13 (quoting Ashland Mgmt. Inc. v. Janien, 82 N.Y.2d 395,

604 N.Y.S.2d 912, 624 N.E.2d 1007, 1013 (1993) (internal brackets omitted)). A trade secret "is

not simply information as to single or ephemeral events in the conduct of the business; rather, it

is a process or device for continuous use in the operation of the business." Softel, Inc. v. Dragon

-17-

Med. & Scientific Communic'ns, Inc., 118 F.3d 955, 968 (2d Cir. 1997) (quoting Restatement of Torts § 757) (internal quotations omitted).

As discussed above, plaintiff has failed entirely to demonstrate on this motion that Abraham is in possession of confidential information or trade secrets and, as a result, it is not likely to succeed under New York on the merits of either its claims for breach of the non-solicitation of customers covenant or breach of the non-disclosure of confidential information covenant. "[W]here the employee engaged in no wrongful conduct and the names and addresses of potential customers were readily discoverable through public sources, an injunction would not lie.... It strains credulity to characterize this type of information as confidential." Reed, Roberts Assocs., Inc., 40 N.Y.2d at 309, 386 N.Y.S.2d at 680 (citation omitted). At most, plaintiff has shown that Abraham has "knowledge of the intricacies of [EWI's] business operation," which the New York courts have ruled insufficient to support an injunction restricting an employee "from utilizing his knowledge and talents in this area." Id. See also Prod. Resource Group, 2003 WL 22350939 at *13-14 (employer's pricing structure, methodology for setting prices, bid components, price mark-ups, profit margins, inventory, rebate programs, supplier discounts, customer contacts not trade secrets); Kahan, Corbin, Schupak & Aronow, Inc. v. FD Int'l, Ltd., 8 Misc.3d 412, 797 N.Y.S.2d 883 (Sup. Ct., N.Y. Cty. 2005).[5]

---

[5] Plaintiff selectively quotes from this Court's decision in Silipos, Inc. v. Bickel, 2006 WL 2265055 (S.D.N.Y. Aug. 8, 2006), conveying a misleading impression of the Court's holding. See Plaintiff's Mem. of Law at 13. In fact, in Silipos this Court held that, "[p]rotection of customer relationships is a legitimate interest when the employee must work closely with the client or customer over a long period of time, especially when his services are a significant part of the total transaction." 2006 WL 2265055 at *5. Unlike the defendant in Silipos, however, who had worked for plaintiff employer for 14 years and risen to

**C.**     **The Balance of the Hardships Does Not Tip in Plaintiff's Favor.**

Plaintiff has not established that the balance of hardships tips in its favor.  EWI seeks to prevent Abraham from soliciting companies that he has known and had relationships with prior to his employment with EWI to prevent him from competing against it in the Internet advertising field. It has not demonstrated or even alleged with any specificity that Abraham is soliciting its customers, using EWI's good will, confidential information or trade secrets to gain a competitive advantage over it.  If a preliminary injunction were to issue, Abraham would essentially be restrained from dealing with companies that he has known and had relationships with for many years.

EWI faces no significant hardship in the absence of an injunction. It has not shown that it is likely to lose protectable trade secrets. It would have to compete with Abraham, particularly for business from companies with which Abraham was familiar before he ever came to work for EWI.  "Fair competition is not a hardship.  If this Court were to enjoin defendant[] from soliciting any customer whose name appears on plaintiff's customer list, it would have a marked and obvious effect on the individual defendant['s] ability to earn a living,  It would also inhibit free trade and the potential for comp etition." Production Resource Group, LLC, 2003 WL 22350939 at *16 (quoting Consol. Brands Inc. v. Mondi, 638 F.Supp. 152, 158 (E.D.N.Y. 1986) (internal quotation marks and citations omitted)).  Therefore, the balance of the hardships does not decidedly tip in the favor of the corporate plaintiff.

---

become its top sales executive, defendant worked for EWI for a mere 9 months and was a regional management employee in a global company. Abraham Decl. ¶¶19, 20.

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion for a preliminary injunction should be denied in all respects.

Dated: New York, New York
      May 13, 2008

Respectfully submitted,

LITTLER MENDELSON, P.C.

By: _____
    Joel L. Finger
    Eric Witkin
    900 Third Avenue, 20th Floor
    New York, New York 10022-4834
    (212) 497-8485 Phone
    (212) 832-2719 Fax
    ATTORNEYS FOR DEFENDANT

-20-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                 :

EYEWONDER, INC.,                    :

                    Plaintiff,       :   No. 08 CV 3579 (GBD)

                                   :   ECF Case

          v.                       :

                                   :   **CERTIFICATE OF**

JOHN ABRAHAM,               :   **SERVICE**

                                   :

                    Defendant.      :

                                   :

                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      I hereby certify that on May 13, 2008, I served the foregoing Memorandum of Law in Opposition to Plaintiff's Application for a Preliminary Injunction, with supporting Affidavit of Eric D. Witkin and exhibits thereto, by filing it electronically with the Clerk of the above-captioned Court using its CM/ECF systems, upon:

Lisa Pearson
Kilpatrick Stockton LLP
31 West 52nd Street, 14th Floor
New York, NY 10019

and

James F. Bogan, III
Kilpatrick Stockton LLP (GA)
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Attorneys for Plaintiff.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed this 13th day of May 2008, in New York, New York

                                     /s/ Anna Maria Loiacono
                                     Anna Maria Loiacono