# LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

June 3, 2008

Joel L. Finger
Direct: 212.497.8485
Direct Fax: 646.417.6793
jfinger@littler.com

**VIA FACSIMILE ( 212) 805-6737**

Hon. George B. Daniels
United States District Court
500 Pearl Street, Room 630
New York, NY 10007

    Re:    *EyeWonder, Inc. v. John Abraham* (USDC SDNY - No. 08 CV 3579)

Dear Judge Daniels:

    We are counsel to defendant John Abraham. Three weeks have elapsed since the Court orally issued a temporary restraint against Mr. Abraham on May 14, 2008. The Court's stated purpose in granting this drastic relief against Mr. Abraham was to allow the parties an opportunity to negotiate a stipulation resolving plaintiff EyeWonder's application for a preliminary injunction against its former California employee. However, EyeWonder has refused to negotiate. We respectfully but strongly urge the Court to dissolve immediately its restraint on Mr. Abraham as having outlasted its stated purpose, as well as being contrary to California law and the Federal Rules of Civil Procedure.

    During the May 14 oral argument on EyeWonder's application, the Court urged the parties to work quickly and to report back to it by Monday, May 19 as to the status of their negotiations. As set forth in our letters of May 19 and May 21, Mr. Abraham complied with the Court's directive, tried to negotiate in good faith with EyeWonder, and reported back to the Court within the time ordered. EyeWonder did not negotiate.

    On May 22, I wrote to EyeWonder's General Counsel in an effort to revive discussions and asked that plaintiff rescind its unreasonable "take-it-or-leave-it" negotiating position. A copy of my May 22 letter to Jerome F. Connell, Jr. is enclosed. There has been **no response** from EyeWonder. It is clear that no further purpose is served by continuing the Court's oral temporary restraint. The restraint has not had its intended effect on plaintiff and should be dissolved.

    We submit that Mr. Abraham has already demonstrated as a matter of California law that EyeWonder has no right to injunctive relief. The Court's oral testimony restraint on Mr. Abraham has been in effect for three weeks, without EyeWonder having

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
900 Third Avenue, 20th Floor, New York, NY 10022  Tel: 212.583.9600  Fax: 212.832.2719, www.littler.com

Hon. George B. Daniels
Re:  EyeWonder, Inc. v. Abraham
     Index No. 08 CV 3579 (GBD)
June 3, 2008
Page 2

submitted any evidence that Mr. Abraham violated his agreement, misappropriated or used EyeWonder's confidential information or trade secrets, or solicited EyeWonder's customers. The restraint is contrary to governing California law, as set forth in defendant's May 13, 2008 Memorandum of Law in Opposition, as well as our May 19 letter to the Court. The temporary restraint was issued without EyeWonder having been required to give security (*contra* FRCP 65(c)) or make a showing of likelihood of success on the merits and irreparable injury absent an injunction.

We submit that for all these reasons, the temporary restraint must be dissolved. In addition, as stated in defendant's prior submissions to the Court, plaintiff's application for a preliminary injunction must be denied. Mr. Abraham submitted an unrebutted May 13 Declaration (¶¶ 10-15) that he was induced to sign the agreement by EyeWonder's General Counsel's representation that the restrictive covenants are not enforceable under governing California law.

If, nonetheless, the Court considers issuing a preliminary injunction, before doing so it should convene an evidentiary hearing and take further evidence on the question of whether the restrictive covenants at issue are unenforceable against Mr. Abraham because: (1) he was fraudulently induced by EyeWonder to enter into them (*see Concord Finance Corp. v. Wing Fook, Inc.*, 1997 U.S. Dist. LEXIS 9643 at *10-11 (S.D.N.Y. Jul. 3, 1997) citing *Stewart v. Jackson & Nash*, 976 F.2d 86, 89 (2d Cir. 1992); *Lazar v. Superior Court*, 12 Cal. 4th 631 (1996); *Agosta v. Astor*, 120 Cal. App. 4th 596, 606-07 (4th Dist. 2004)); (2) EyeWonder is equitably estopped from enforcing the covenants by its representation to Mr. Abraham that they were not enforceable (*see EBay Inc. v. Kruse*, 2004 U.S. Dist. LEXIS 17942 at *19 (N.D. Cal. Aug. 27, 2004)); (3) promissory estoppel bars EyeWonder from enforcing the covenants (*see Gilberd v. Dean Witter Reynolds, Inc.*, 1992 U.S. Dist. LEXIS 12388 at *10 (N.D. Cal. Aug. 11, 1992)); and/or (4) the agreement should be rescinded based on EyeWonder's misrepresentations (*see* Witkin, Summary of California Law, 10th Ed. Ch. I, §§ 289, 297).

                                    Respectfully,

                                    *[signature]*
                                    Joel L. Finger

JLF/jm

cc: James F. Bogan III, Esq. **(via Facsimile - (404) 541-3133)**

# LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

Joel L. Finger
Direct: 212.497.8485
Direct Fax: 646.417.6793
jfinger@littler.com

COLORADO

CONNECTICUT

May 22, 2008

DISTRICT OF COLUMBIA

FLORIDA

Jerome F. Connell, Jr.
General Counsel and COO
EyeWonder, Inc.
233 Peachtree, Suite 500
Atlanta, GA 30303

GEORGIA

ILLINOIS

INDIANA

Re: **EyeWonder, Inc. v. John Abraham, S.D.N.Y. Case No. 08 CV 3589**

MASSACHUSETTS

Dear Mr. Connell:

MINNESOTA

This is in response to your letter which we received at 5:01 p.m. on May 19, 2008.

MISSOURI

It is very difficult to negotiate with someone who will not negotiate with you, and it is pretty obvious that EyeWonder will not negotiate with Mr. Abraham. To recap briefly, on May 16, I sent you a written proposal. It included that Mr. Abraham would agree not to solicit 16 of the 52 "customers" EyeWonder listed. It also identified 8 "customers" that Mr. Abraham believed were not "customers," and it clearly communicated that Mr. Abraham was willing to engage with EyeWonder on the issues of who is a "customer" and the solicitation of Eyeblaster customers.

NEVADA

NEW JERSEY

NEW YORK

Your May 19 response effectively told Mr. Abraham that he was wrong and proposed a final list of 42 companies. You did not explain how you derived the final list other than to refer to a "forecast" that you say Mr. Abraham prepared for his supervisor in March. Your letter did not refute or even address the fact that 8 of the entities (4 of which remain on the final list) are not covered by the agreement at issue, and you dismissed any discussion of the companies that have been clients of Eyeblaster since before Mr. Abraham's hiring. You concluded as follows:

NORTH CAROLINA

OHIO

PENNSYLVANIA

RHODE ISLAND

> I submit this to you intending to resolve this quickly, with Mr. Abraham either agreeing or not agreeing to what is proposed. . . .If Mr. Abraham cannot agree to this proposal during the interim period, then we will write to the Court, fully explain the situation and exactly how we got to this point, and just let Judge Daniels rule on the matter once and for all.

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
900 Third Avenue, 20th Floor, New York, NY 10022  Tel: 212.583.9600  Fax: 212.832.2719, www.littler.com

Jerome F. Connell, Jr.
May 22, 2008
Page 2

Mr. Abraham does not agree to your unreasonable proposal. Your take-it-or-leave-it position does not show a willingness to negotiate in good faith. If your take-it-or-leave-it posture changes, please let me know. As demonstrated by his offer not to solicit 16 of your "customers," Mr. Abraham remains willing to pursue a dialogue. Of course, this letter, as well as our previous communication, is without prejudice to Mr. Abraham's position that the non-solicitation agreement is void and unenforceable.

            Very truly yours,

            Joel L. Finger

JLF/jm