UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EYEWONDER, INC.,                                  :     MEMORANDUM DECISION
                                                  :          AND ORDER
               Plaintiff,        :
                                                  :     08 CV 3579 (GBD)
    -against-                                    :
                                                  :
JOHN ABRAHAM,                                     :
                                                  :
               Defendant.        :
------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

      Plaintiff Eyewonder, Inc., ("plaintiff") seeks a preliminary injunction in aid of arbitration against defendant John Abraham ("defendant"). On May 14, 2008, the Court heard oral argument on plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. The Court issued a temporary order prohibiting defendant from soliciting the 52 listed entities pending entry of a stipulation of the parties or determination of plaintiff's preliminary injunction motion. The parties have been unable to agree upon a stipulation. Plaintiff's motion for a preliminary injunction is granted under the terms specified in this Order.

### PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Sussman v. Crawford, 488 F.3d 136, 139-40 (2d Cir. 2007) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The minimum standard for preliminary injunctive relief is a clear showing of: (1) irreparable injury to the movant in the absence of injunctive relief; and (2) either, a likelihood of success on the merits, or sufficiently serious questions going to the merits and a balance of hardships decidedly tipping in movant's favor. See Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir.

1996).

Plaintiff has met the standard for a preliminary injunction. Upon commencing his employment with EyeWonder, defendant entered into a written Employment Agreement which includes the following provisions:

    a. A non-solicitation of employees clause (Section 6(d)), which provides that:

> [f]or 12 months after [defendant's] employment expires or terminates for any reason, [defendant] shall not, for him/herself or for or on behalf of any other party, employ or solicit for employment anyone who [plaintiff] employed during the shorter of the (i) period [defendant] was employed by [plaintiff], or (ii) six-month period immediately before [defendant's] employment expired or terminated.

    b. A non-solicitation of customers clause (Section 6(e)), which provides that, for a period of 12 months, Mr. Abraham:

> shall not solicit, directly or by assisting others, any Customer for the purpose of selling or otherwise providing to such Customer services for delivering video or other rich media advertisements over the Internet or over wireless networks.

Section 6(a)(ii) of the Employment Agreement defines plaintiff's "Customer" as "a customer of [plaintiff] that, during the one-year period before the termination of employment, (i) was solicited or serviced by [defendant] or another Company employee supervised by [defendant], or (ii) about which [defendant] had Confidential Information."

Plaintiff seeks to prevent defendant from violating the non-solicitation provisions pending arbitration of the parties' dispute. Defendant's position is that the non-solicitation clauses are unenforceable. Defendant has not agreed to comply with the terms of the non-solicitation clauses, nor has he indicated any intention or desire to do so.

This Court hereby ENJOINS and RESTRAINS defendant from soliciting, directly or by assisting others, the 42 specific entities on the amended list prepared by plaintiff's counsel and

disclosed to defendant's counsel. This injunction shall remain in effect until a final decision by the arbitrator as to the non-solicitation clauses' enforceability; however, if in the interim the arbitrator finds that any or all of the 42 entities covered by this Court's injunction are outside of the definition of prohibited "Customers" as defined by the Employment Agreement, the arbitrator is granted the authority to modify this injunction by deleting that entity from the enjoined list, or provide any other appropriate interim relief as is consistent with this order of preliminary injunction.

Dated: New York, New York
      June 9, 2008

                                      SO ORDERED:

                                      _____
                                      GEORGE B. DANIELS
                                      United States District Judge