LITTLER MENDELSON, P.C.
Joel L. Finger
Eric D. Witkin
900 Third Avenue 20th Floor
New York, NY 10022
Telephone: 212-583-9600
Attorneys for Defendant John Abraham

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

EYEWONDER, INC.,
                            :

        Plaintiff,             :       No. 08 CV 3579 (GBD)
                            :          "ECF CASE"

        v.                 :

                            : **AMENDED ANSWER AND COUNTERCLAIMS**

JOHN ABRAHAM,           :

                            :

        Defendant.        :

------------------------------------------------------- X

        Defendant JOHN ABRAHAM ("Abraham or "Defendant"), by and through his attorneys,

Littler Mendelson, P.C., for his Amended Answer to the Complaint herein of Plaintiff

EYEWONDER, INC. ("EyeWonder" or "Plaintiff") filed on or about April 14, 2008

("Complaint" or "Cplt."):

        1.       Denies the allegations of Paragraph 1 of the Complaint, except admits that he is a

former employee of Plaintiff and is party to an Employment Agreement with Plaintiff (Cplt.

Exhibit A), which speaks for itself.

**PARTIES, JURISDICTION, AND VENUE**

        2.       Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 2 of the Complaint and therefore denies same.

3.     Admits the allegations of the first sentence of Paragraph 3 of the Complaint and notes that the second sentence of said Paragraph calls for a legal conclusion to which no response is required, except refers to Cplt. Exhibit A, which speaks for itself.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies same and notes that said Paragraph asserts a legal conclusion to which no response is required.

FACTS

**EyeWonder**

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies same, except admits that Plaintiff's business consists almost exclusively of providing services for creating and delivering video and other rich media advertisements over the Internet.

**Mr. Abraham's employment with EyeWonder**

6.     Denies the allegations of Paragraph 6 of the Complaint, except admits that he signed and transmitted a facsimile of a copy of Cplt. Exhibit B accepting Plaintiff's offer of employment, which speaks for itself, and that he subsequently signed an Employment Agreement with Plaintiff of which Cplt. Exhibit A is a copy.

7.     Denies the allegations of the last sentence of Paragraph 7 of the Complaint and admits the allegations of the first two sentences of said Paragraph.

8.     Denies the allegations of Paragraph 8 of the Complaint.

**Terms of the Employment Agreement**

**Non-Competition**

9.    Admits that the Employment Agreement Section 6(f) (Cplt. Exhibit A) includes the words quoted in Paragraph 9 of the Complaint, which speaks for itself, except asserts that before Abraham signed the Employment Agreement, Plaintiff's General Counsel told Abraham that, notwithstanding anything to the contrary in the Employment Agreement, the restrictive covenants of its Section 6 would not apply to or be enforceable against Abraham because of his California residence and employment.

10.    Denies the allegations of Paragraph 10 of the Complaint.

11.    Denies the allegations of Paragraph 11 of the Complaint.

12.    Denies the allegations of Paragraph 12 of the Complaint.

**Non-Solicitation**

13.    Admits that the Employment Agreement Sections 6(e) and 6(a)(ii) (Cplt. Exhibit A) include the words in the quotations in Paragraph 13 of the Complaint but asserts that before Abraham signed the Employment Agreement, Plaintiff's General Counsel told Abraham that, notwithstanding anything to the contrary in the Employment Agreement, the restrictive covenants of its Section 6 would not apply to or be enforceable against Abraham because of his California residence and employment.

**Non-Use and Non-Disclosure of Confidential Information**

14.    Denies the allegations of Paragraph 14 of the Complaint, except refers to Section 6(b) of the Employment Agreement (Cplt. Exhibit A), which speaks for itself.

15.    Admits that the Employment Agreement Section 6(a)(i) (Cplt. Ex. A) includes a definition of "Confidential Information," which speaks for itself.

3

**Authorization of Injunctive Relief**

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies same, except admits that Section 8(c) of the Employment Agreement (Cplt. Ex. A) speaks for itself, but affirmatively asserts that before Abraham signed the Employment Agreement, Plaintiff's General Counsel told Abraham that, notwithstanding anything to the contrary in the Employment Agreement, the restrictive covenants of its Section 6 would not apply to or be enforceable against Abraham because of his California residence and employment.

17.    Denies the allegations of Paragraph 17 of the Complaint, except admits that Section 7 of the Employment Agreement (Cplt. Ex. A) speaks for itself, but affirmatively asserts that before Abraham signed the Employment Agreement, Plaintiff's General Counsel told Abraham that, notwithstanding anything to the contrary in the Employment Agreement, the restrictive covenants of its Section 6 would not apply to or be enforceable against Abraham because of his California residence and employment.

18.    Denies the allegations of Paragraph 18 of the Complaint, except admits that Section 9 of the Employment Agreement (Cplt. Ex. A) speaks for itself, but affirmatively asserts that before Abraham signed the Employment Agreement, Plaintiff's General Counsel told Abraham that, notwithstanding anything to the contrary in the Employment Agreement, California law would govern Abraham's employment with Plaintiff, since Abraham was a California resident working in California.

**Mr. Abraham's Departure from EyeWonder**

19.    Denies the allegations of Paragraph 19 of the Complaint, except admits sending the email communication quoted in that Paragraph and included in Cplt. Exhibit C.

20.     Denies the allegations of Paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore denies same, except admits that Abraham accepted employment with Eyeblaster, Inc. ("Eyeblaster"), which has a headquarters in New York City.

22.     Denies the allegations of Paragraph 22 of the Complaint, except admits that Abraham accepted employment with Eyeblaster, Inc. and that some of his duties are supposed to include selling services for delivering video and other rich media advertisements over the Internet and supervising sales staff in Los Angeles who sell such services.

23.     Denies the allegations of Paragraph 23 of the Complaint and asserts that before Abraham signed the Employment Agreement, Plaintiff's General Counsel told Abraham that Section 6(f) of that Agreement would not be enforceable against Abraham.

24.     Denies the allegations of Paragraph 24 of the Complaint, except admits that the performance of the Region during Abraham's employment exceeded billing goals previously set for that period.

## FIRST CLAIM FOR RELIEF

### Breach of Contractual Duty to Disclose Identity of Prospective Employer

25.     Defendant repeats and re-alleges each and every response in this Answer to the allegations of the Complaint.

26.     Denies the allegations of Paragraph 26 of the Complaint, except admits that Section 6(h) of the Employment Agreement (Cplt. Ex. A) speaks for itself.

27.     Denies the allegations of Paragraph 27 of the Complaint, except admits that Abraham accepted employment with Eyeblaster.

28.    Denies the allegations of Paragraph 28 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Breach of Non-Competition Provision

29.    Defendant repeats and re-alleges each and every response in this Answer to the allegations of the Complaint.

30.    Denies the allegations of Paragraph 30 of the Complaint, except admits that Section 6(f) of the Employment Agreement speaks for itself and asserts that, before Abraham signed the Employment Agreement, Plaintiff's General Counsel told Abraham that said Section 6(f) was not enforceable against Abraham.

31.    Denies the allegations of Paragraph 31 of the Complaint.

32.    Denies the allegations of Paragraph 32 of the Complaint.

33.    Denies the allegations of Paragraph 33 of the Complaint.

34.    Denies the allegations of Paragraph 34 of the Complaint.

35.    Denies the allegations of Paragraph 35 of the Complaint.

## THIRD CLAIM FOR RELIEF

### Breach of Non-Solicitation Provision

36.    Defendant repeats and re-alleges each and every response in this Answer to the allegations of the Complaint.

37.    Denies the allegations of Paragraph 37 of the Complaint, except admits that Section 6(f) of the Employment Agreement speaks for itself and asserts that, before Abraham signed the Employment Agreement, Plaintiff's General Counsel told Abraham that said Section 6(f) was not enforceable against Abraham.

38.    Denies the allegations of Paragraph 38 of the Complaint.

39.    Denies the allegations of Paragraph 39 of the Complaint.

40.    Denies the allegations of Paragraph 40 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### Breach of Non-Disclosure Provision

41.    Defendant repeats and re-alleges each and every response in this Answer to the allegations of the Complaint.

42.    Denies the allegations of Paragraph 42 of the Complaint, except admits that Section 6(b) of the Employment Agreement (Cplt. Ex. A) speaks for itself.

43.    Denies the allegations of Paragraph 43 of the Complaint.

44.    Denies the allegations of Paragraph 44 of the Complaint.

45.    Denies the allegations of Paragraph 45 of the Complaint.

46.    Denies the allegations of Paragraph 46 of the Complaint.

47.    Denies the allegations of the "WHEREFORE" Paragraph of the Complaint and all of its subdivisions.

## DEFENSES

### FIRST DEFENSE

48.    The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

49.    On or about June 1, 2007, in California, Abraham accepted an offer of employment from Plaintiff, which did not mention that Abraham would be required to agree to any restrictive covenants or non-competition agreements as a condition of that employment (Cplt. Ex. B).

50.    After Abraham had accepted Plaintiff's job offer and started employment, he was flown to Atlanta, Georgia and presented with the "standard form" Employment Agreement (Cplt. Ex. A) at which time he expressed to Plaintiff's General Counsel his concern that the restrictive covenants of its Section 6, including the non-compete provisions, appeared to be very one-sided in favor of Plaintiff, to which Plaintiff's General Counsel replied "Don't worry, you're in California.  It's a right-to-work state."  That statement by Plaintiff's General Counsel confirmed to Abraham the correctness of his understanding that under California law the non-competes and restrictive covenants in the Employment Agreement were unenforceable against him as a California resident employed in California.

51.    As Abraham had already left his previous employment and started his employment with Plaintiff, and as he was not an attorney and had no attorney to advise him in regard to the Employment Agreement, he did not negotiate the terms of the "standard form" Employment Agreement and relied on the above statement of Plaintiff's General Counsel in deciding to sign the Employment Agreement, notwithstanding the restrictive covenants of its Section 6, because, based on the above statement of Plaintiff's General Counsel, Abraham believed that the restrictive covenants were unenforceable against him and that in any event Plaintiff would not attempt to enforce them in light of the above-referenced statement by its General Counsel.

52.    But for the aforesaid representation of Plaintiff's General Counsel, Abraham would not have signed the Employment Agreement.

53.    Had Abraham known that Plaintiff was going to require him to agree to the restrictive covenants in Section 6 of the Employment Agreement as a condition of his

employment, he would not have left his previous employment and accepted employment with Plaintiff.

54.    The Employment Agreement is null, void or voidable in its entirety, including but not limited to its restrictive covenants in its Section 6 and its dispute resolution and arbitration provisions in its Section 8.

### THIRD DEFENSE

55.    Defendant repeats and re-alleges all of the allegations of this Answer.

56.    Insofar as Plaintiff seeks to enforce the restrictive covenants of Section 6 of the Employment Agreement (Cplt. Ex. A), Plaintiff is equitably estopped and/or barred from doing so because it induced Defendant Abraham to sign the Employment Agreement by its General Counsel's representations to Abraham, before he signed it, that said provisions were not enforceable against him.

### FOURTH DEFENSE

57.    Defendant repeats and re-alleges all of the allegations of this Answer.

58.    The Employment Agreement (Cplt. Ex. A) should be rescinded and Plaintiff should be barred from seeking to enforce it against Defendant.

### FIFTH DEFENSE

59.    Defendant repeats and re-alleges all of the allegations of this Answer.

60.    The claims in the Complaint are barred by the doctrine of promissory estoppel.

### SIXTH DEFENSE

61.    Defendant repeats and re-alleges all of the allegations of this Answer.

62.    The claims in the Complaint are barred because Plaintiff fraudulently induced Defendant to sign the Employment Agreement (Cplt. Ex. A) here sought to be enforced.

9

## SEVENTH DEFENSE

63.    Defendant repeats and re-alleges all of the allegations of this Answer.

64.    Insofar as the injuries alleged by Plaintiff were caused by its own conduct, it is estopped from claiming that they were caused by Defendant.

## EIGHTH DEFENSE

65.    Defendant repeats and re-alleges all of the allegations of this Answer.

66.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH DEFENSE

67.    Defendant repeats and re-alleges all of the allegations of this Answer.

68.    The restrictive covenants in Section 6 of the Employment Agreement (Cplt. Ex. A) are void, unenforceable and against public policy.

## TENTH DEFENSE

69.    Defendant repeats and re-alleges all of the allegations of this Answer.

70.    The restrictive covenants in Section 6 of the Employment Agreement (Cplt. Ex. A) are unreasonable, unenforceable and against public policy.

## ELEVENTH DEFENSE

71.    Defendant repeats and re-alleges all of the allegations of this Answer.

72.    The restrictive covenants in Section 6 of the Employment Agreement (Cplt. Ex. A) are overbroad, unenforceable and against public policy.

## TWELFTH DEFENSE

73.    Defendant repeats and re-alleges all of the allegations of this Answer.

74.    Insofar as Plaintiff seeks to enforce the restrictive covenants of Section 6 of the Employment Agreement (Cplt. Ex. A) by application of New York law, Plaintiff is equitably

estopped and/or barred from doing so because it induced Defendant Abraham to sign the Employment Agreement by its General Counsel's representations to Abraham, before he signed it, that said provisions were not enforceable against him because he was a California resident employed in California and that California law governed the terms and conditions of his employment.

### THIRTEENTH DEFENSE

75.    Defendant repeats and re-alleges all of the allegations of this Answer.

76.    The claims in the Complaint are barred because Plaintiff waived any right to enforce against Defendant the provisions of Section 6 of the Employment Agreement.

### FOURTEENTH DEFENSE

77.    Defendant repeats and re-alleges all of the allegations of this Answer.

78.    If Plaintiff suffered any damages as a result of any alleged action by Defendant, upon information and belief, it had a duty to mitigate damages and failed to mitigate them.

### FIFTEENTH DEFENSE

79.    Defendant repeats and re-alleges all of the allegations of this Answer.

80.    If Plaintiff sustained any injuries, they were caused, in whole or in part, by Plaintiff's negligence and/or culpable conduct.

### SIXTEENTH DEFENSE

81.    Defendant repeats and re-alleges all of the allegations of this Answer.

82.    As Plaintiff's claims are frivolous, unreasonable and groundless, Defendant should recover all his costs and attorneys' fees incurred herein.

## SEVENTEENTH DEFENSE

83.     Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

## EIGHTEENTH DEFENSE

84.     Defendant repeats and re-alleges all of the allegations of this Answer.

85.     The arbitration provisions of the Employment Agreement (Cplt. Ex. A) are invalid and unenforceable because, *inter alia,* the Employment Agreement is an adhesive contract and its arbitration provisions are both procedurally and substantively unconscionable as a matter of law.

## AS AND FOR A FIRST COUNTERCLAIM

### Unfair Competition

86.     Defendant repeats and re-alleges al of the allegations of this Answer and Counterclaims.

87.     The non-competition and other restrictive covenants contained in Section 6 of the Employment Agreement (Cplt. Ex. A), which Plaintiff forced Defendant to execute as a condition of employment, and which it is now trying to enforce in this action, are illegal pursuant to California Business and Professions Code sections 16600 and 17200.  Said provisions constitute an unfair restraint of trade for the following, non-exclusive reasons: they illegally purport to restrict the job mobility of Defendant, they illegally purport to restrict Defendant from seeking other gainful employment, they illegally purport to restrict the use of public information, and they specifically purport to prevent or deter Defendant from accepting or holding any lawful employment within the State of California or elsewhere other than with Plaintiff.

88.    The Employment Agreement (Cplt. Ex. A) was a contract of adhesion and was procedurally unconscionable because, among other things, Defendant was required to sign it as a condition of his employment with no negotiations allowed, it was presented to him on a preprinted form and on a take-it-or-leave-it basis, he was not allowed to thoroughly review or consider its terms, he was not permitted to review it overnight, he was not provided with the opportunity to consult his own counsel prior to executing it, and it was never thoroughly and completely explained to him.

89.    Because of its onerous, unfair, unlawful and one-sided provisions, which are surprising, grossly unfair and shock the conscience, the Employment Agreement is substantively unconscionable.

90.    Because it is both procedurally and substantively unconscionable, the Employment Agreement is unenforceable.  Moreover, the Employment Agreement is so permeated by unconscionability that the unlawful provisions cannot be severed.

91.    Due to Plaintiff's fraudulent and/or negligent misrepresentation of the terms contained within the Employment Agreement, Defendant did not discover, and would not reasonably have discovered, that the Employment Agreement, as Plaintiff attempted to enforce it, was unconscionable and unlawful until Plaintiff instituted this action against him to attempt to enforce the Employment Agreement, in approximately April 2008.

92.    Even though the restrictive covenants of the Employment Agreement are not enforceable, Defendant is informed and believes and based thereon alleges that Plaintiff is utilizing these provisions to restrain the business opportunities, both within and outside the State of California, otherwise available to Defendant.

93.    Defendant is informed and believes and based thereon alleges that, in effect, through its wrongful acts, Plaintiff is able to create for itself an unfair competitive advantage along with other benefits at the expense of Defendant.

94.    Plaintiff's unlawful conduct in requiring Defendant to sign the Employment Agreement with unlawful provisions as a term and condition of employment or continued employment, and then threatening to enforce such unlawful provisions, constitutes unfair competition and an unfair business practice in violation of the California Business and Professions Code sections 16600 and 17200 *et seq.* and under common law.

95.    As a proximate result of such unlawful acts and/or unfair business acts and practices, Defendant has suffered actual damages, and Plaintiff has enjoyed unlawful profits, in a sum not yet fully ascertained but in excess of the jurisdictional limits of this Court.  Furthermore, Defendant seeks injunctive relief pursuant to the Business and Professions Code section 17203, barring Plaintiff from continuing to engage in such unlawful and unfair business practices, and the remedies of disgorgement and restitution for illicit profits obtained by Plaintiff from its unlawful and/or unfair business acts and practices pursuant to Business and Professions Code section 17204.

96.    In addition, as a result of the illegal and wrongful conduct alleged above, in the absence of injunctive relief prohibiting Plaintiff from continuing to engage in unfair competition, Defendant has been and will be irreparably harmed.

97.    For these reasons, Defendant requests permanent injunctive relief prohibiting Plaintiff from continuing to engage in unfair competition by threatening and attempting to enforce illegal non-compete and restrictive covenant agreements against Defendant.

## AS AND FOR A SECOND COUNTERCLAIM

### Rescission

98.    Defendant repeats and re-alleges all of the allegations of this Answer and Counterclaims.

99.    Defendant's consent to the Employment Agreement (Cplt. Ex. A) was given due to a mistake or obtained through duress, menace and/or fraud.

100.    The Employment Agreement (Cplt. Ex. A) is unlawful and unconscionable, due to the fault not of Defendant but of Plaintiff, which exclusively drafted the Employment Agreement's unlawful and unconscionable terms.

101.    Due to Plaintiff's fraudulent misrepresentation and /or concealment of the terms contained within the Employment Agreement, Defendant did not discover, and would not reasonably be expected to discover, that the Agreement was unconscionable and unlawful until Plaintiff instituted this action against him to attempt to enforce the Employment Agreement, in approximately April 2008.

102.    The public interest will be prejudiced by permitting the Employment Agreement to stand.

103.    By filing of this Counterclaim, Defendant hereby gives notice to Plaintiff that he seeks rescission of the Employment Agreement, and further offers to restore to Plaintiff all consideration and everything of value which he received from Plaintiff under the Employment Agreement, upon condition that Plaintiff does likewise.

104.    Defendant therefore requests that the Court rescind the Employment Agreement in its entirety.

## AS AND FOR A THIRD COUNTERCLAIM

### Fraud

105.    Defendant repeats and re-alleges all of the allegations of this Answer and Counterclaims.

106.    Plaintiff required Defendant to execute the Employment Agreement (Cplt Ex. A) without disclosing to him its true import and terms.

107.    Having drafted the Employment Agreement and all the oppressive and unfair and onerous terms contained therein, Plaintiff was of course aware of the contents of the Employment Agreement and its import.

108.    Due to Plaintiff's concealment of its interpretation of the force and effect of the Employment Agreement from Defendant, he did not discover that the Employment Agreement was unconscionable and unlawful until Plaintiff instituted this action against him to attempt to enforce the Employment Agreement in late April 2008.

109.    In so failing to disclose to Defendant the true meaning of the terms and the purported legal effect of the Employment Agreement, and Plaintiff's intent to attempt to enforce it with regard to work he did while not employed by Plaintiff, Plaintiff misrepresented and suppressed the nature of the Employment Agreement, and in doing so, committed actual fraud against Defendant.

110.    Because of its malicious, oppressive and/or fraudulent conduct, Plaintiff is subject to punitive damages in an amount necessary and appropriate to punish and deter it and others from engaging in similar conduct in the future.

## AS AND FOR A FOURTH COUNTERCLAIM

### Declaratory Relief

111.    Defendant repeats and re-alleges all of the allegations of this Answer and Counterclaims.

112.    Plaintiff's unlawful conduct in requiring Defendant to sign the Employment Agreement (Cplt. Ex. A) with its unlawful provisions as a term and condition of his employment or continued employment and then threatening to enforce such unlawful provisions and eventually filing a lawsuit to enforce such provisions against Defendant constitutes unfair competition and unfair business practices in violation of the California Business and Professions Code sections 16600 and 17200 *et seq.* and under the common law.

113.    Moreover, the Employment Agreement is both procedurally and substantively unconscionable.

114.    Through this lawsuit against Defendant and its demand for arbitral relief requiring Defendant to comply with the Employment Agreement, Plaintiff has demonstrated that a controversy exists concerning the enforceability of the Employment Agreement and its terms.

115.    Defendant therefore requests declaratory relief stating that the Employment Agreement is unlawful and unenforceable.

## AS AND FOR A FIFTH COUNTERCLAIM

### Intentional Interference With Prospective Economic Advantage

116.    Defendant repeats and re-alleges all of the allegations of this Answer and Counterclaims.

117.    Plaintiff engaged in intentional conduct, and is presently engaging in conduct, that has had an adverse effect upon the relationship Defendant has with his employer, Eyeblaster, and

17

intentionally disrupted and interfered with Defendant's ability to secure his prospective economic advantage through the lawful relationships with Eyeblaster, and to realize the potential economic benefits through the business opportunities misappropriated and usurped by Plaintiff.

118.   The conduct of Plaintiff was wrongful by some legal measure beyond merely interfering with Defendant's business relationships in that, among other things, Plaintiff violated California Business & Professions Code sections 16600 and 17200.

119.   As a direct, proximate and foreseeable result of the conduct of Plaintiff, Defendant has suffered and continues to suffer damage and substantial losses in an amount to be determined at trial.

120.   Plaintiff committed the acts alleged herein maliciously, fraudulently, and with the wrongful and deliberate intention of injuring Defendant and benefiting Plaintiff and acted with an improper motive amounting to malice and conscious disregard of Defendant's rights. Accordingly, Defendant is entitled to receive punitive and exemplary damages from Plaintiff.

121.   Plaintiff's wrongful conduct will, unless and until enjoined and restrained by order of this Court, cause great and irreparable injury to Defendant's employment opportunities in that it will enable Plaintiff to interfere with his employment relationship with Eyeblaster.

122.   Defendant has no adequate remedy at law for these injuries.  The damage to Defendant and to fair and free competition, and the loss of employment and business opportunities cannot be adequately compensated by money damages.  Unless and until enjoined by this Court, Plaintiff will continue to engage in unlawful and unfair business practices, and will further harm Defendant and the free market system, and interfere with the employment and business opportunities enjoyed by Defendant in California.  Unless restrained by this Court,

Plaintiff will cause irreparable harm and injury to the free market system and to the right of Defendant to seek and hold employment in his chosen profession free of illegal restraints.

WHEREFORE, Defendant Abraham demands judgment and relief as follows:

A.    For an order dismissing the Complaint in its entirety with prejudice;

B.    For restitution, disgorgement, compensatory damages, punitive damages and full relief on his Counterclaims including damages incurred by the issuance of the May 14, 2008 temporary restraining order and the June 9, 2008 preliminary injunction in this action, and the costs of defending this action and the arbitration proceeding brought by Plaintiff pursuant to the Employment Agreement;

C.    For an order permanently enjoining and barring Plaintiff from attempting to enforce the restrictive covenants of the Employment Agreement, and prohibiting Plaintiff from threatening and attempting to enforce such agreements or restrictions against Defendant;

D.    For an order declaring that the Employment Agreement between Plaintiff and Defendant (Cplt. Ex. A) is void, unenforceable and unconscionable;

E.    For an order rescinding the Employment Agreement;

F.    For declaratory relief stating that the Employment Agreement is unlawful and unenforceable;

G.    For an order awarding to Defendant the costs and disbursements of this action, including but not limited to Defendant's attorneys' fees where applicable, including but not limited to the private attorneys general statutes; and

H.    For an order awarding to Defendant such other and further relief as may be just

and proper.

Dated: New York, New York
        June 20, 2008

                              LITTLER MENDELSON P.C.

                              By: _____
                                     Joel L. Finger
                                     Eric D. Witkin
                              900 Third Avenue, 20th Floor
                              New York, NY 10022
                              (212) 583-9600
                              Attorneys for Defendant John Abraham

DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant John

Abraham hereby demands that the causes in this matter be tried by a jury to the extent provided

for by law.

Dated: New York, New York
       June 20, 2008

                                        LITTLER MENDELSON P.C.


                                        By: _____
                                                Joel L. Finger
                                                Eric D. Witkin
                                        900 Third Avenue, 20th Floor
                                        New York, NY 10022
                                        (212) 583-9600
                                        Attorneys for Defendant John Abraham