**KILPATRICK STOCKTON LLP**
Lisa Pearson (LP 4916)
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8815

James F. Bogan III
Georgia Bar No. 065220
*Admitted pro hac vice*
Suite 2800, 1100 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 815-6467
Facsimile: (404) 541-3133

*Counsel for Plaintiff EyeWonder, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| EYEWONDER, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 CV 3579 (GBD) |
| | ) | |
| | ) | |
| JOHN ABRAHAM, | ) | **PLAINTIFF EYEWONDER INC.'S** |
| | ) | **MOTION TO DISMISS** |
| Defendant. | ) | **DEFENDANT'S COUNTERCLAIMS** |
| | ) | |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| EYEWONDER, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) 08 CV 3579 (GBD) | |
| | ) | |
| | ) | |
| JOHN ABRAHAM, | ) **PLAINTIFF EYEWONDER, INC.'S** | |
| | ) **MOTION TO DISMISS** | |
| Defendant. | ) **DEFENDANT'S COUNTERCLAIMS** | |
| | ) | |

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, and Rules 12(b)(1) and 12(b)(6) of

the Federal Rules of Civil Procedure, Plaintiff EyeWonder, Inc. ("EyeWonder") hereby moves to

dismiss Defendant John Abraham's Counterclaims, due to lack of subject matter jurisdiction and

failure to state a claim upon which relief can be granted, in that the claims are subject to

compulsory arbitration.  In support of this Motion, EyeWonder is also filing a supporting

Memorandum of Law, and states as follows:

1.      Mr. Abraham formerly was employed by EyeWonder under the terms of an

Employment Agreement between the parties (the "Agreement").  After learning that Mr.

Abraham had accepted employment with one of its direct competitors, EyeWonder commenced

an arbitration proceeding, as required under Section 8 of the Agreement, to enforce certain

provisions of the Agreement.  EyeWonder also asked Mr. Abraham to agree to comply with the

terms of the Agreement pending resolution of their disputes in the arbitration proceeding.  Mr.

Abraham, however, refused this request.

2.      The complaint filed by EyeWonder in this case is styled as a "Verified Complaint

for Injunctive Relief in Aid of Arbitration."  Although Paragraph 8(a) of the Agreement broadly

- 1 -

requires that "[a]ny controversy or claim arising out of or relating to this Agreement" shall be subject to binding arbitration, a limited exception is provided for the sole purpose of allowing a party to seek interim injunctive relief in a court of law to preserve the status quo until the parties' dispute can be resolved in arbitration. *See* Verified Compl. Exh. A ¶ 8(a), (c).

3.      Pursuant to this limited exception, EyeWonder sought relief in this Court for the sole purpose of requesting that Mr. Abraham be enjoined from soliciting, on behalf of his new employer, EyeWonder employees and certain EyeWonder customers pending the outcome of the arbitration proceeding. On June 9, 2008, this Court preliminarily enjoined Mr. Abraham from soliciting EyeWonder's employees and 42 specifically-identified EyeWonder customers pending the outcome of the arbitration proceeding.

4.      On June 20, 2008, Mr. Abraham filed his Amended Answer and Counterclaims in this action. The Counterclaims, however, have been asserted by Mr. Abraham in violation of the Agreement's mandatory arbitration provisions. The Counterclaims include claims for fraud, intentional interference with prospective business advantage, unfair competition, and rescission of contract based on fraud. Mr. Abraham also seeks a declaration that the Agreement is unconscionable and legally unenforceable. *Id.* ¶¶ 90, 113.

5.      These Counterclaims do not satisfy the Agreement's exception to compulsory arbitration that permits a party to file suit solely for the purpose of seeking interim injunctive relief to preserve the status quo. As noted above, the Agreement provides that "[a]ny controversy or claim arising out of or relating to this Agreement" be resolved in binding arbitration; this includes tort and contract claims, as well as claims of any other nature. Accordingly, Mr. Abraham's tort claims, as well as his claims that the Agreement is void and unenforceable due to fraud and unconscionability, are questions that must be submitted to the

arbitrator in the first instance. *See, e.g., Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-446 (2006); *Bar-Ayal v. Time Warner Cable Inc.*, 2006 WL 2990032, *6 (S.D.N.Y. Oct. 16, 2006).

6.    Because it is clear that all of Mr. Abraham's Counterclaims are subject to binding arbitration under Paragraph 8(a) of the Agreement, this Court lacks subject matter jurisdiction over them.  For the same reason, Mr. Abraham's Counterclaims fail to state claims upon which relief can be granted, because this Court is not in a position to grant any relief on those claims.

7.    Accordingly, these Counterclaims should be dismissed, without prejudice to Mr. Abraham's bringing such claims in the pending arbitration proceeding.

WHEREFORE, Plaintiff EyeWonder, Inc. prays the Court as follows:

1.    For an Order dismissing Mr. Abraham's Counterclaims without prejudice to his prosecuting such claims in the pending arbitration proceeding; and

2.    For such other and further relief as this Court deems just and proper.

Respectfully submitted this 10th day of July, 2008.

**KILPATRICK STOCKTON LLP**

By: /s/ James F. Bogan III_____

Lisa Pearson (LP 4916)
31 West 52d Street, 14th Floor
New York, NY  10019
(212) 775-8700

James F. Bogan III
Georgia Bar No. 065220
*Admitted pro hac vice*
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
(404) 815-6500

*Counsel for Plaintiff EyeWonder, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that, on July 10, 2008, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send notification of such filing to:

Joel L. Finger
jfinger@littler.com
Eric D. Witkin
ewitkin@littler.com
Littler Mendelson, P.C.
900 Third Avenue, 20th Floor
New York, New York  10022

Counsel for Defendant John Abraham

By:    /s/ James F. Bogan III_____
        James F. Bogan III
        Counsel for Plaintiff
