**KILPATRICK STOCKTON LLP**
Lisa Pearson (LP 4916)
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8815

James F. Bogan III
Georgia Bar No. 065220
*Admitted pro hac vice*
Suite 2800, 1100 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 815-6467
Facsimile: (404) 541-3133

*Counsel for Plaintiff EyeWonder, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EYEWONDER, INC., <br>         Plaintiff, <br><br> v. <br><br> JOHN ABRAHAM, <br><br>         Defendant. | ) <br> ) <br> ) 08 CV 3579 (GBD) <br> ) <br> ) <br> ) **MEMORANDUM OF LAW IN** <br> ) **SUPPORT OF PLAINTIFF'S** <br> ) **MOTION TO DISMISS** <br> ) **DEFENDANT'S COUNTERCLAIMS** <br> ) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EYEWONDER, INC.,<br>    Plaintiff,<br><br>  v.<br><br>JOHN ABRAHAM,<br><br>    Defendant. | )<br>)<br>)<br>) 08 CV 3579 (GBD)<br>)<br>)<br>)<br>) **MEMORANDUM OF LAW IN**<br>) **SUPPORT OF PLAINTIFF'S**<br>) **MOTION TO DISMISS**<br>) **DEFENDANT'S COUNTERCLAIMS**<br>) |

  Plaintiff EyeWonder, Inc. ("EyeWonder") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Defendant John Abraham's Counterclaims. Because these Counterclaims – including those alleging that the parties' contract is unenforceable – are subject to binding arbitration, EyeWonder respectfully requests that this Court dismiss the Counterclaims, without prejudice to Mr. Abraham's asserting those claims in the parties' pending arbitration proceeding in Atlanta, Georgia.

## FACTUAL BACKGROUND

  Mr. Abraham formerly was employed by EyeWonder under the terms of an Employment Agreement between the parties dated June 1, 2007 (the "Agreement"). After he abruptly terminated his employment with EyeWonder and began working for a direct competitor (Eyeblaster, Inc.), EyeWonder commenced an arbitration proceeding, as required under Section 8 of the Agreement, to enforce certain restrictive covenants in the Agreement. EyeWonder also asked Mr. Abraham to agree to comply with the terms of the Agreement pending resolution of their dispute in arbitration. Mr. Abraham, however, refused this request.

The complaint filed by EyeWonder in this case, styled as a "Verified Complaint for Injunctive Relief in Aid of Arbitration," sought interim relief to preliminarily enjoin Mr. Abraham from soliciting a limited number of EyeWonder customers while the parties' contractual dispute was being arbitrated. *See* Br. in Supp. of Mot. for Prel. Inj., at 22. This Complaint was brought pursuant to Paragraph 8(c) of the Agreement, which authorizes limited injunctive relief from a court to maintain the status quo until the parties' dispute can be resolved in arbitration. *See* Verified Compl. Exh. A. ¶ 8(c). Other than this sole narrow exemption for interim injunctive relief, however, the Agreement makes clear that *all other controversies and claims* arising out of the parties' contract shall be settled in arbitration. *See id.* ¶ 8(a). Specifically, Paragraph 8 states that

> [a]ny controversy or claim ***arising out of or relating to*** this Agreement, or the breach thereof, ***including but not limited to a claim based on or arising from an alleged tort***, shall be settled by binding arbitration held in Atlanta, Georgia in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "AAA") then in effect . . .

*See id.* (emphasis added). Thus, Mr. Abraham expressly agreed that the federal district courts of New York would have jurisdiction only to hear claims for interim injunctive relief, whereas no court would have jurisdiction to hear claims falling within the broad arbitration provisions of Paragraph 8. *See id.* ¶ 9.

On June 10, 2008, this Court granted EyeWonder's Motion for a Preliminary Injunction, restraining Mr. Abraham from soliciting EyeWonder's employees and 42 specifically-identified EyeWonder customers, pending the outcome of the arbitration proceeding. In an accompanying Order, this Court made clear that the relief being granted was interim in nature, and that it would "remain in effect until a final decision by the arbitrator . . . ." *See* Memorandum Decision and Order at 3 (Daniels, J.).

On June 20, 2008, Mr. Abraham filed his Amended Answer and Counterclaim in this action, alleging claims against EyeWonder for unfair competition in violation of California Business and Professions Code § 16600 and § 17200; fraud; intentional interference with prospective economic advantage; and rescission of the contract on the basis of fraud and unconscionability. *See* Am. Answer and Countercl. ¶¶ 86-97, ¶¶ 105-110, ¶¶ 116-122, ¶¶ 98-104. Among other allegations, Mr. Abraham contends that EyeWonder "conceal[ed] . . . the force and effect of the Employment Agreement" to induce him into signing it; that EyeWonder made "fraudulent misrepresentations" about the terms of the Agreement; that EyeWonder engaged in unfair business practices and sought to restrain Mr. Abraham's business opportunities; and that EyeWonder intentionally interfered with Mr. Abraham's economic rights. *Id.* ¶¶ 108, 101, 94, 120. Mr. Abraham seeks both compensatory and punitive damages for the injuries he has allegedly suffered as a result of EyeWonder's conduct. *Id.* at 19. He also seeks a declaratory judgment that the Agreement is unconscionable and unenforceable as a matter of law. *Id.* ¶ 90, 111-115 (count 4).

Because none of these claims falls within the Agreement's narrow exception for interim injunctive relief, they must be resolved in arbitration and, accordingly, should be dismissed by this Court.

## ARGUMENT

Under the Federal Arbitration Act, a district court may dismiss claims that are subject to a valid arbitration agreement. *See In re American Express Merchants Litigation*, 2006 WL 662341, at *3, 10 (S.D.N.Y., March 16, 2006) (stating that under section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, "a district court may dismiss . . . proceedings if it finds a valid arbitration agreement exists"); *Eastern Fish Co. v. S. Pacific Shipping Co., Ltd.*, 105 F. Supp.

234, 242 n.10 (S.D.N.Y. 2000) (citations omitted) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *see also Milgrim v. Backroads, Inc.*, 142 F. Supp. 2d 471, 476 (S.D.N.Y. 2001) (recognizing that district court may dismiss an action when all of the claims at issue are subject to an arbitration provision).

In this case, the Agreement expressly requires that "*any controversy or claim arising out of or relating to [the] Agreement*" be submitted to binding arbitration, subject only to the narrow exception for injunctive relief to preserve the status quo in aid of arbitration. *See* Verified Compl. Exh. A ¶ 8(a),(c) (emphasis added). Because Mr. Abraham's Counterclaims do not fit within Paragraph 8(c)'s limited exception for interim injunctive relief, and because they are within the purview of the arbitrator, they should be dismissed by this Court.

The Second Circuit has repeatedly stated that federal district courts have an obligation under the Federal Arbitration Act to enforce and honor a valid agreement to arbitrate. *See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1053-54 (2d Cir. 1990). Where a party seeks to litigate in court claims that are subject to a binding arbitration agreement, the claims may be dismissed for lack of subject matter jurisdiction (because the arbitrator has exclusive jurisdiction), as well as failure to state a claim upon which relief can be granted (because the claims on their face are not amenable to any form of relief by the district court). *See DaPuzzo v. Globalvest Mgmt. Co., L.P.*, 263 F.Supp.2d 714, 718 (S.D.N.Y. 2003) (dismissal in favor of arbitration on the basis of Fed. R. Civ. P. 12(b)(1) and 12(b)(6)); *Indian Harbor Ins. Co. v. Global Transp. Sys., Inc.*, 191 F. Supp. 2d 400, 403 (S.D.N.Y. 2002) (dismissal in favor of arbitration on the basis of Rule 12(b)(6)); *see also Contec Corp. v. Remote*

*Solution, Co., Ltd.*, 398 F.3d 205, 211 (2d Cir. 2005) (affirming dismissal where claims were subject to arbitration).

Here, the parties' arbitration agreement broadly encompasses "[a]ny controversy or claim arising out of or relating to this Agreement," including claims "based on or arising from an alleged tort." *See* Verified Compl. Exh. A ¶ 8(a).  This all-encompassing language easily reaches Mr. Abraham's common-law tort and statutory counterclaims. *See, e.g., Clarendon Nat. Ins. Co. v. Lan*, 152 F. Supp. 2d 506, 522 (S.D.N.Y. 2001) (arbitration clause was sufficiently broadly worded to encompass both tort and contract-based causes of action).

Mr. Abraham's requests for rescission and declaratory relief (*see* Am. Answer and Countercl. ¶¶ 98-104, 111-115) likewise are subject to compulsory arbitration.  The United States Supreme Court recently made it clear that the issue of a contract's underlying validity must be submitted to the arbitrator in the first instance. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-446 (2006) (stating that "[a]s a matter of substantive federal arbitration law . . . unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance") (citing, *inter alia, Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967)); *see also Bar-Ayal v. Time Warner Cable Inc.*, 2006 WL 2990032, *6 (S.D.N.Y. Oct. 16, 2006) (questions of the enforceability of a contract must be decided by the arbitrator).  Indeed, in granting interim injunctive relief in this case, this Court recognized that questions as to the Agreement's ultimate enforceability should be submitted to the arbitrator. *See* Memorandum Decision and Order at 3 (Daniels, J.) (stating that the relief "shall remain in effect until a final decision by the arbitrator as to the non-solicitation clauses' enforceability").

In *Buckeye Check Cashing*, the Supreme Court rejected the plaintiff's argument that the issue of whether a contract was usurious, unlawful and therefore "void *ab initio*" should be resolved by the district court in the first instance, rather than by the arbitrator. Instead, the Court ruled that, "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, ***must*** go to the arbitrator." *Buckeye*, 546 U.S. at 449 (emphasis added). Moreover, this rule not only applies to claims that a contract is unconscionable, it also applies to claims that a contract was induced by fraud. *See Bar-Ayal*, 2006 WL 2990032, at *6.

In this case, Mr. Abraham's Counterclaims do not contain any allegation that the arbitration clause *itself* is invalid. Rather, Mr. Abraham alleges that the contract as a whole is unenforceable: he argues that the parties' Agreement is "procedurally and substantively unconscionable" (Am. Answer and Countercl. ¶¶ 90, 113) and that the contract was procured by fraud and is therefore unenforceable (*id.* ¶¶ 91, 100-104). These claims and arguments must be addressed to and ruled upon by the arbitrator. *See Bar-Ayal*, 2006 WL 2990032, at *6. Accordingly, dismissal of these claims is appropriate.

Furthermore, the Agreement between Mr. Abraham and EyeWonder expressly incorporates by reference the "Commercial Arbitration Rules" in effect at the time of the parties' dispute. *Id.* ¶ 8(a). Consistent with the Supreme Court's rulings in *Buckeye Check Cashing* and *Prima Paint*, Commercial Arbitration Rule 7(b) specifically authorizes the arbitrator to resolve challenges based on the validity or ultimate enforceability of the parties' underlying agreement:

> The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract.

AAA Commercial Arbitration Rule 7(b). Thus, in accordance with the parties' own arbitration agreement, Mr. Abraham's contentions regarding the "validity of [the] contract of which an arbitration clause forms a part" must go to the arbitrator in the first instance. *Id.*

EyeWonder vigorously disputes the legal and factual validity of Mr. Abraham's alleged Counterclaims. As a matter of federal arbitration law and the parties' arbitration agreement, however, all such contentions must be addressed to the arbitrator. Accordingly, this motion to dismiss is based on the single ground that the Counterclaims must be arbitrated, without prejudice to EyeWonder's right to seek the dismissal of the Counterclaims on any other ground in the arbitration proceeding.

## CONCLUSION

For the foregoing reasons, Plaintiff EyeWonder, Inc. respectfully requests that this Court dismiss all of Mr. Abraham's Counterclaims, without prejudice to his prosecution of such claims in the parties' pending arbitration proceeding.

Respectfully submitted this 10th day of July, 2008.

**KILPATRICK STOCKTON LLP**

By: /s/ James F. Bogan III

Lisa Pearson (LP 4916)
31 West 52nd Street, 14th Floor
New York, NY 10019
(212) 775-8700

James F. Bogan III
Georgia Bar No. 065220
*Admitted pro hac vice*
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
(404) 815-6500

*Counsel for Plaintiff EyeWonder, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that, on July 1, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Joel L. Finger
jfinger@littler.com
Eric D. Witkin
ewitkin@littler.com
Littler Mendelson, P.C.
900 Third Avenue, 20th Floor
New York, New York 10022

Counsel for Defendant John Abraham


By:  /s/ James F. Bogan III
     James F. Bogan III
     Counsel for Plaintiff