**KILPATRICK STOCKTON LLP**
Lisa Pearson (LP 4916)
31 West 52nd Street, 14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

James F. Bogan III
(Application for admission *pro hac vice* filed)
Suite 2800, 1100 Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 815-6467
Facsimile: (404) 541-3133

*Attorneys for Plaintiff EyeWonder, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- x
EYEWONDER, INC.,

     Plaintiff,

  v.                                                    : 08 Civ. 3579 (GBD) (RLE)

JOHN ABRAHAM,

     Defendant.
---------------------------------------- x

ORDER ~~TEMPORARY RESTRAINING ORDER AND~~ TO SHOW
CAUSE ON MOTION FOR A PRELIMINARY INJUNCTION

This matter having come before the Court on Plaintiff's Motion for Temporary

Restraining Order and Preliminary Injunction; and

US2008 40666.3

The Court having considered the facts set forth in the Verified Complaint, the Declarations of Jerome F. Connell, Michael Rosner, and James F. Bogan III, and the attached exhibits, the memorandum of law in support of this application, and all other evidence submitted;

## ~~TEMPORARY RESTRAINING ORDER~~

~~THEREFORE, IT IS HEREBY ORDERED that, pending the hearing and determination of Plaintiff's motion for a preliminary injunction, Defendant is hereby ordered:~~

~~a.     to refrain from employing or soliciting for employment, for himself or for or on behalf of any other party, anyone who Plaintiff employed during six month period immediately before Defendant stopped working for Plaintiff, as required by Section 6(d) of the Agreement between Plaintiff EyeWonder, Inc. and Defendant John Abraham;~~

~~b.     to refrain from soliciting, directly or by assisting others, the 52 specific customers on the list prepared by Plaintiff's counsel and disclosed to Abraham's counsel; and~~

~~c.     to refrain from using on behalf of or disclosing to any other party, Plaintiff's Confidential Information (as defined in Section 6(a)(i) of the Employment Agreement) as required by Section 6(b) of the Employment Agreement.~~

Security in the amount of $_____ will be posted by _____.

## ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTIONS

IT IS ~~FURTHER~~ ORDERED that Defendant appear before this Court in the courtroom of the Honorable George B. Daniels, United States District Court Judge, at the United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York 10007, Courtroom 15D on 5/14, 2008 at 9:30 a.m., then and there to show cause,

if any there be, why, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff should not be granted a preliminary injunction as follows:

Enjoining and restraining Defendant, and all those in active concert and participation with Defendant, and each of them who receives notice directly or otherwise of such injunction, and until such time as this matter may be resolved in compulsory arbitration, as follows:

a. to refrain from employing or soliciting for employment, for himself or for or on behalf of any other party, anyone who Plaintiff employed during six month period immediately before Defendant stopped working for Plaintiff;

b. to refrain from soliciting, directly or by assisting others, the 52 specific customers on the list prepared by Plaintiff's counsel and disclosed to Abraham's counsel; and

c. to refrain from using on behalf of or disclosing to any other party Plaintiff's Confidential Information (as defined in Section 6(a)(i) of the Employment Agreement) as required by Section 6(b) of the Agreement.

Defendant is hereby put on notice that failure to attend the hearing scheduled herein shall result in the immediate issuance of a preliminary injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of the temporary restraining order herein, and shall extend during the pendency of this suit the same injunctive relief previously granted by the

temporary restraining order. Defendant is hereby further notified that Defendant shall be deemed to have actual notice of the terms and issuance of such preliminary injunction, and that any act by Defendant in violation of any of its terms shall be considered and prosecuted as contempt of the Court.

Dated: New York, New York
       May ___, 2008

       MAY 0 9 2008

_George B. Daniels_
United States District Judge
HON. GEORGE B. DANIELS